UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WELLS FARGO BANK, N.A.**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**THOMAS TOGGAS,** *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-03157 (TNM) |

## MEMORANDUM OPINION AND ORDER

Nearly four years ago, Wells Fargo Bank, N.A. filed a foreclosure lawsuit against Thomas and Kathryn Toggas in the Superior Court for the District of Columbia. The Toggases have been fighting the foreclosure ever since. But at the eleventh hour, with foreclosure imminent, they filed to remove the case here. U.S. Bank—which the Superior Court substituted as Plaintiff—immediately challenged the removal as untimely and has moved to remand to Superior Court. *See* Pl.'s Mot. to Remand, ECF No. 5-1. The Toggases filed an opposition. *See* Defs.' Opp'n, ECF No. 7. For the reasons explained below, the Court grants U.S. Bank's motion and remands the case.

## I.

The foreclosure action concerns a home at 3112 Legation Street Northwest in Washington, D.C. *See* Not. of Removal 2, ECF No. 1.[1] The Toggases were served with the Superior Court lawsuit in April 2016. Pl.'s Mot, Ex. A at 4, ECF No. 5-3. After two years of litigation, the Superior Court granted summary judgment for U.S. Bank and authorized the foreclosure. *See* Pl.'s Mot, Ex. D, ECF No. 5-3. Yet the case continued for another two years,

---

[1] All page citations refer to the Court's CM/ECF pagination.

delayed mostly because of the Toggases' many bankruptcy cases. *See* Pl.'s Mot at 2–3; Pl.'s Mot, Ex. A, ECF No. 5-3. Eventually, the last of the bankruptcy cases was dismissed, U.S. Bank scheduled the foreclosure sale last fall, and the Superior Court was set to rule on U.S. Bank's motion to ratify the sale when the Toggases removed the case here. *See id*.

The Toggases ground this Court's jurisdiction in the federal question doctrine, 28 U.S.C. § 1331, and total diversity of citizenship, *id*. § 1332. Not. of Removal at 2. They also argue that the Court has federal question jurisdiction because they have filed an affirmative lawsuit in this Court against U.S. Bank and others, which the Toggases implore the Court to consolidate with this foreclosure case. *See* Defs.' Opp'n at 3–4; *see also* Mot. to Consolidate, *Toggas v. Wells Fargo*, Civ. A. No. 19-cv-03407 (TNM) (D.D.C. Dec. 16, 2019), ECF No. 5. U.S. Bank counters that the Toggases' removal here was untimely and that this Court has no subject matter jurisdiction. *See* Pl.'s Mot. at 4–7.

## II.

Generally, a defendant in a state court civil action may remove the case to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). For purposes of removal, "'State court' includes the Superior Court for the District of Columbia." *Id*. § 1451(1). But the state court defendant must file a notice of removal within 30 days after receipt of the complaint. *Id*. § 1446(a)–(b)(1). And regardless of the timing, the D.C. Circuit has made clear that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)). "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." *Reed v. AlliedBarton Sec. Servs.*, 583 F. Supp. 2d 92, 93 (D.D.C. 2008).

2

Federal courts have original jurisdiction when a case presents a federal question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). The "controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id*. at 113. Removal based on federal question jurisdiction is improper if there is no claim under federal law. 28 U.S.C. § 1441(c)(1)(A).

Federal courts also have original jurisdiction over civil matters when the matter in controversy exceeds $75,000 and there is total diversity of citizenship between the parties. *Id*. § 1332. A case may not be removed based on diversity jurisdiction if any defendant is a citizen of the state where the action is brought. *Id*. § 1441(b)(2).

### III.

Remand is warranted for two independently sufficient reasons. *First*, the Toggases' removal was untimely. The statute requires that the defendants file a notice of removal within 30 days of being served. 28 U.S.C. § 1446(b)(1). But here the Toggases were served with the complaint in April 2016, and they did not file for removal until November 2019. Pl.'s Mot, Ex. A at 4; Not. of Removal. More, the Court rejects the Toggases' claim—raised in their affirmative lawsuit against the banks but relevant here—that they never filed an answer in Superior Court. *See* Pls.' Opp'n to MTD 11, *Toggas v. Wells Fargo*, Civ. A. No. 19-cv-03407 (TNM) (D.D.C. Dec. 20, 2019), ECF No. 7. The Superior Court docket shows that the Toggases answered the complaint and actively litigated this foreclosure case for years before filing removal here. *See generally* Pl.'s Mot, Ex. A; Defs.' Reply 4, *Toggas v. Wells Fargo*, Civ. A.

No. 19-cv-03407 (TNM) (D.D.C. Jan. 3, 2020), ECF No. 10. The Court agrees with U.S. Bank that the Toggases' attempt to remove the case is barred by 28 U.S.C. § 1446(b)(1). This alone justifies remand.

*Second*, the Court lacks subject matter jurisdiction over the case. Removal is appropriate only if a defendant can establish either federal question jurisdiction or diversity jurisdiction. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). The Toggases do neither.

Consider first federal question jurisdiction. The Toggases argue that the case presents a federal question because of "Defendants' claims alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and violations of other federal laws." Not. of Removal at 2 (cleaned up). But the Toggases' newly-invoked defenses or counterclaims cannot support jurisdiction. It is "settled law that a case may *not* be removed to federal court on the basis of a federal defense[.]" *Caterpillar*, 482 U.S. at 393. As U.S. Bank correctly points out, "the 'well-pleaded complaint rule' dictates that a case is removable only if the plaintiff's cause of action raises a federal question on its face." Pl.'s Mot. at 5 (quoting *Cefarrati v. JBG Properties*, 75 F. Supp. 3d 58, 63 (D.D.C. 2014)). Since U.S. Bank's only claim is under D.C. Code § 42-816, there is no federal question. *See* Not. of Removal, Ex. at 3, ECF No. 1-1.

Likewise, the Court cannot exercise jurisdiction over this case based on the Toggases' separate lawsuit involving federal claims. *See* Defs.' Opp'n at 4; Mot. to Consolidate, *Toggas v. Wells Fargo*, Civ. A. No. 19-cv-03407 (TNM) (D.D.C. Dec. 16, 2019). Indeed, the cases that the Toggases cite for this proposition compel the opposite. *See id*. (citing *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808–12 (1986) and *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983)). To begin, the Supreme Court held in both cases that the federal courts lacked removal jurisdiction. *See Merrell Dow Pharm.*, 478 U.S. at 817; *Franchise Tax Bd.*, 463

U.S. at 7.

In *Franchise Tax Board*, the Court reiterated that the "well-pleaded complaint" rule means federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." 463 U.S. at 27–28. And in *Merrell Dow Pharmaceuticals*, the Court found no federal question jurisdiction over "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation[.]" 478 U.S. at 817. Both cases presented closer questions of federal law than this one, yet there was still no jurisdiction. Here, the pure question of D.C. law falls far short of raising a federal question.

Nor this case does qualify for diversity jurisdiction. The removal statute expressly prohibits removal based on diversity of citizenship if any defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2). But the Toggases are citizens of Washington, D.C., as they still reside at 3112 Legation Street Northwest. *See* Not. of Removal at 1. Because this matter was originally brought in the Superior Court for the District of Columbia, the Court cannot exercise diversity jurisdiction.

Lacking original jurisdiction under either federal question or diversity of citizenship, the Court lacks jurisdiction over this case. *See Caterpillar*, 482 U.S. at 392.

**IV.**

Upon consideration of the Plaintiff's Motion to Remand, the Defendants' Opposition, the pleadings, the record of the case in the Superior Court of the District of Columbia, and for the reasons set forth above, it is hereby

5

**ORDERED** that the Plaintiff's Motion to Remand is GRANTED; and it is further

**ORDERED** that this case shall be remanded to the Superior Court for the District of Columbia.

**SO ORDERED**.

The Clerk of Court shall close this case.

Dated: March 20, 2020                                    TREVOR N. McFADDEN, U.S.D.J.